FILED

2017 Jun-30  AM 09:03
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| SHIRLEY A. DAVIDSON, *individually and on behalf of the proposed class,* | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO: _____ |
| CRESTWOOD MEDICAL CENTER; CHSPSC, LLC; CRESTWOOD HEALTHCARE, L.P., PROFESSIONAL ACCOUNT SERVICES, INC., | ) ) ) ) ) | **JURY DEMAND** |
| Defendants. | ) ) | |

## CLASS ACTION COMPLAINT

COMES NOW Plaintiff Shirley A. Davidson, by and through counsel, and alleges as follows against Defendants jointly and severally:

### <u>NATURE OF THE ACTION</u>

This is a private action seeking compensatory damages for Plaintiff named above.

1.    Defendant CHSPSC, LLC; Defendant Crestwood Healthcare, L.P.; and Defendant Crestwood Medical Center (collectively referred to as "Crestwood Defendants") are subsidiaries of Community Health Systems, Inc.

2.     Plaintiff is an individual who received medical treatment at a hospital facility owned and/or operated by Crestwood Defendants and/or were the subject of collection efforts by Professional Account Services, Inc. ("PASI").

3.     Plaintiff brings this case against Defendants because:

   a.  Crestwood Defendants and their debt collection agent PASI wrongfully sent improper collection notices and collected and/or attempted to collect payments for medical services in amounts that violate

      i.  the terms of the Services Provider Agreement entered into by Crestwood Defendants with Blue Cross and Blue Shield of Alabama ("BCBSA") of which Plaintiff Shirley A. Davison is a member,

      ii.  the terms of Crestwood Defendants' offer (the "Offer") to Plaintiff to treat it as an in-network provider of healthcare services pursuant to the terms of applicable Services Provider Agreement,

      iii.  the terms of the General Consent for treatment executed by Plaintiff with Crestwood Defendants, and

      iv.  Alabama debt collection laws.

    b. Crestwood Defendants breached their duty as attorney-in-fact for Plaintiff by seeking reimbursement from Plaintiff beyond the contractually agreed amounts due for the medical services provided.

    c. Consequently, Plaintiff has suffered damages and is entitled to the relief set forth herein.

## **PARTIES**

4.    Plaintiff SHIRLEY A. DAVIDSON is an individual over the age of nineteen and a resident of Madison County, Alabama.

5.    Defendant Crestwood Healthcare, L.P. is a Delaware corporation licensed to do business in the State of Alabama by the Alabama Secretary of State with its registered agent located in Montgomery, AL, and providing medical services to the general public of which the Plaintiff was a member on the occasion made the basis of this complaint. Furthermore, on the occasion made the basis of this complaint, Plaintiff Shirley A. Davidson was receiving medical treatment at the Crestwood Healthcare, L.P. location known as Crestwood Medical Center.

6.    Defendant CHSPSC, LLC is a Delaware corporation licensed to do business in the State of Alabama by the Alabama Secretary of State with its registered agent located in Montgomery, AL

7.     Defendant Professional Account Services, Inc. ("PASI") is a Tennessee corporation, with its principal place of business in Brentwood, Tennessee, licensed to do business in the State of Alabama by the Alabama Secretary of State with its registered agent located in Montgomery, AL.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 USCA § 1332, because the amount in controversy exceeds $5,000,000.  Plaintiff is a citizen of a State different from Defendant CHSPSC, LLC; Defendant PASI; Defendant CHS; and Defendant Crestwood Healthcare, L.P.  Venue is proper in this Court because Plaintiff resides in this judicial district, purchased the product at issue in this judicial district, and Defendants do business in this District on a continuous and ongoing basis. This Court can assert jurisdiction over Defendants without offending traditional notions of justice and fair play as Defendants had continuous and systematic business within the State of Alabama and Defendants have purposefully and knowingly injected their product and services into the stream of commerce with the intent that they be bought and sold within the State of Alabama.

## **FACTS**

9.      Defendants screen all patients and make a determination regarding the reason for treatment and whether there may be sources of payment other than health insurance available.

10.     Upon information and belief, if the patient is identified as one whose medical bills may be recoverable from another source, Defendants refuse to submit that patient's medical bills to his or her health insurance carrier or submit the bills to health insurance, and sometime thereafter, remit those funds back to health insurance after receiving payment from another source.

11.      Defendants engaged in these practices even though Defendants are contractually required to submit said bills to the health insurance carrier, accept the payment from health insurance in satisfaction of the bill, not seek payments from any additional sources, and hold the patient harmless from any amounts owed other than co-pays and/or deductibles.

12.     While refusing to submit medical bills to the patients' health insurance carrier and accept the payment in satisfaction of the bill, Defendants routinely seek payment for the medical bills from those same patients, either directly or indirectly.

13.     Defendants seek payment for medical bills through means including demanding cash payment directly from the patients, placing unlawful liens

upon patients' third-party tort claims, seeking medical payment benefits from the patients' auto insurers, turning said patients over to collection agencies, and/or reporting said patients to credit bureaus (thereby impairing the patients' credit score), inter alia.

14. Defendants pursue such course of conduct despite the patients having health insurance and being contractually entitled to have their medical bills submitted to their health insurance carrier for payment.

15. Upon information and belief, Defendants are required by their contracts with patients' health insurance carriers to submit insured patients' medical bills directly to the carriers. Likewise, Defendants were required to submit Plaintiff's medical bills to their health insurance carrier.

16.  Defendants are required to honor a contractual discount with their patients' health insurance carriers and accept discounted payment from those health insurance carriers in full satisfaction of the patients' debts.

17. Upon information and belief, Defendants are precluded by contracts with private health insurance carriers (such as the named Plaintiff's insurer, BCBSA) from seeking payment for covered services from other sources, including from the patient directly, medical payment benefits from the patients' auto insurer, turning the bills over to collections, and/or filing liens against patients' property, including personal injury claims.

18.    Defendants fail to inform patients at the time of treatment that they will not honor the patient's health insurance if the circumstances create the possibility of another source of recovery.

19.    Defendants represent to patients, including the named Plaintiff in this case, that Defendants will submit the patient's bill to health insurance and will accept that payment in satisfaction of the patient's bill.

20.    Defendants enter into contracts with patients, including the named Plaintiff in this case, which assigns and authorizes payment to Defendants by the patient's health insurance carrier. This agreement also indicates that Defendants will submit the patient's charges to health insurance and that the patient will only be responsible for charges not covered by the assignment of insurance benefits (i.e. co-pays and deductibles).

21.    Such patients are unable to submit their medical bills directly to their health insurance carrier as Defendants are the entities responsible for such submission. Defendants are the only entities in possession of the information required to make such a submission, and Defendants are the entities that have a contract with the health insurance carrier for a reduced compensation for treating patients with health insurance.

22.    Through Defendants' bill collection practices, they attempt to optimize the amount received for services rendered by seeking from patients the full

amount billed (or more than Defendants are entitled to for the covered treatment), rather than accepting the discounted amount it has agreed to accept from the patient's health insurance carrier.

23. By employing such a policy and business model, Defendants have unlawfully violated the rights of Plaintiff as described more particularly below.

24. Further, such conduct of Defendants and their agents, for which they are directly and indirectly responsible, is outrageous, intentional, willful, wanton, and malicious, and otherwise shows a complete indifference to or conscious disregard of the rights of Plaintiff such that punitive damages are appropriate and warranted.

## FACTS PERTENINT TO PLAINTIFF SHIRLEY A. DAVIDSON

25. On or about June 30, 2015, Plaintiff Shirley A. Davidson presented to Defendant Crestwood Medical Center for emergency medical services as a result of an automobile accident.

26. At the time of treatment, Plaintiff had valid health insurance coverage with BCBSA.

27. At the time of treatment, Defendants did not inform Plaintiff that Defendants would not accept her health insurance. Nor did Defendants explain they would be seeking the balance of her medical bills from her personally, by

billing her medical payments coverage, or by placing a lien against her third-party tort claim.

28. Defendants did not inform Plaintiff that Defendants would be pursuing a third-party lien against her personal injury recovery.

29. Defendants are required by contracts with Plaintiff's health insurance carrier, BCBSA, to submit medical bills of insured patients directly to the carrier for payment.

30. Plaintiff was entitled to a contractual reduction in the amount of her medical bills charged by Defendants pursuant to her insurance carrier's agreement with Defendants, and to have those bills paid by her health insurance carrier.

31. Defendants are precluded by their contracts with Plaintiff's health insurance company from seeking payment for covered benefits from other sources, including seeking payment directly from her, seeking medical payment benefits from her auto insurer, turning the bills over to collections, and/or filing a lien on her property, such as a third-party tort claim.

32. Plaintiff paid Defendants to satisfy Defendants' medical bill.

33. Despite the fact that Plaintiff did not owe Defendants any debt, Defendants sought payment directly from Plaintiff.

34. Defendants did not inform Plaintiff that Defendants had a contract with BCBSA that required her charges be submitted to BCBSA for payment and

that Defendants were precluded from pursuing any charges from her or any of her assets.

35. Any amount paid to Defendants to satisfy the medical bill was paid based on the wrongful conduct of Defendants.

36. Plaintiff did not have full knowledge of the facts surrounding Defendants' improper billing practices.

## CLASS ALLEGATIONS

37. Plaintiff, individually and on behalf of the proposed class, incorporates all preceding allegations of the Class Action Complaint as though fully set forth herein.

38. This action is brought as a Plaintiff's Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Plaintiff brings this action on her own behalf and all others similarly situated, as representative of the following two Classes:

a. All Alabama residents who have received any type of healthcare treatment from any entity located in Alabama that is owned or affiliated with Crestwood Defendants, while being covered by valid commercial health insurance, and whose medical bills resulting from that treatment were either not submitted to health insurance for payment or were submitted and thereafter Defendants refunded those payments to their health insurance carriers and Defendants obtained payment for those

bills directly from the patient, from an auto insurer, and/or from the patient's third-party tort recovery. This class is to be represented by named Plaintiff Shirley A. Davidson.

39. The members of the Class are capable of being described without difficult managerial or administrative problems. The members of the Class are readily identifiable from the information and records in the possession or control of Defendants.

40. The Class consists of hundreds and perhaps thousands of individual members and is, therefore, so numerous that individual joinder of all members is impractical.

41. There are questions of law and fact common to the Class, which questions predominate over any questions affecting only individual members of the Class and, in fact, the wrongs suffered and remedies sought by Plaintiff and the other members of the Class are premised upon an unlawful scheme perpetuated uniformly upon all the Class Members. The only material difference between the Class Members' claims is the relief. The principal common issues include, but are not limited to the following:

    a. Whether Defendants entered into express and/or implied agreements with various health insurance carriers providing, among other things,

that health insurance claims should be promptly submitted to the carriers for payment;

b. Whether Defendants violated their contracts with various health insurance carriers by not submitting medical bills to the carrier;

c. Whether Defendants violated their contracts with various health insurance carriers by pursuing recovery for services rendered by placing liens upon patients' property (such as third-party tort claims), pursuing medical payment benefits from auto insurers, pursuing payment directly from the patients, and/or turning patients' accounts over to collections;

d. Whether Defendants violated their contracts with various health insurance carriers by not offering a contractually agreed discount to patients covered by said policies;

e. Whether Defendants have violated their contracts with Plaintiff and the Class Members by seeking payment for charges that were covered by valid commercial health insurance;

f. Whether Defendants improperly refused to submit the Plaintiff's and the Class Members' medical bills to Plaintiff's and the Class Members' health insurance carriers for payment;

g. Whether Defendants profited by refusing to submit said medical bills to said health insurance carriers for payment;

h. Whether Defendants have been unjustly enriched at the Plaintiff and the Class Member's expense through the above described misconduct;

i. Whether Defendants breached their duty of good faith and fair dealing to the Plaintiff and the Class through the above described misconduct;

j. Whether Defendants are liable to Plaintiff and the Class Members based on a claim on money they have received;

k. Whether Defendants should be enjoined from continuing their Improper and unlawful billing practices as described above.

42. Plaintiff's claims are typical of those of the Class and are based on the same legal and factual theories as outlined above.

43. Plaintiff and her counsel will fairly and adequately represent and protect the interests of the members of the Class.  Plaintiff has no claim antagonistic to those of the Class.  Plaintiff has retained competent and experienced counsel who has prosecuted dozens of complex class actions within Alabama and across the nation.   Undersigned counsel is committed to the vigorous prosecution of this action.

44. Certification of a plaintiff Class is appropriate in that Plaintiff and the Class Members seek monetary damages, common questions predominate over any

individual questions, and a plaintiff class action is superior for the fair and efficient adjudication of this controversy. A plaintiff class action will cause orderly and expeditious administration of the Class Members' claims. Economies of time, effort and expense will be fostered, and uniformity of decisions will be ensured by certification of the class. Moreover, the individual Class Members are unlikely to be aware of their rights and are not in a position (either through experience or financially) to commence individual litigation against Defendants and their vast resources.

45. Without the Class representation provided by Plaintiff, virtually no Class members will receive legal representation or redress for their injuries; Plaintiff and counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiff and Class counsel are aware of their fiduciary responsibilities to the class members and are determined diligently to discharge those duties by vigorously seeking the maximum possible recovery for the Class.

46. Alternatively, certification of a plaintiff Class is appropriate in that inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for Defendants. In addition, as a practical matter, adjudications with respect to individual members of the Class would be dispositive of the interests of the other

members not parties to the adjudications, or would at the very least substantially impair or impede their ability to protect their interests.

47. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

48. Class certification is appropriate under Rule 23(b)(2) FRCP with respect to Plaintiff's demands for injunctive and declaratory relief against Defendants because Defendants have acted on grounds generally applicable to the Class as a whole.  Therefore, the final injunctive and declaratory relief sought in this case is appropriate with respect to the Class and any applicable Subclasses as a whole.

49. Class certification is also appropriate under Rule 23(b)(3) FRCP with respect to Plaintiff's demand for damages because common questions of fact or law will predominate in determining the outcome of this litigation and because maintenance of the action as a class action is a superior manner in which to coordinate the litigation.

## COUNT I (Violation of Alabama Deceptive Trade Practices Act)

50. Plaintiff, individually and on behalf of the proposed class, incorporates all preceding allegations of the Class Action Complaint as though fully set forth herein.

15

51.     Defendants' actions and the actions of persons under Defendants' direct and indirect control, violated the Alabama Deceptive Trade Practices Act ("ADTPA"), Ala. Code Ann.8-19-1, et seq.: Those actions include a refusal to submit valid bills to patients' private health insurance and instead asserting liens or otherwise taking payment from patients.

52.     Defendants and persons under their direct or indirect control engaged in unconscionable, false, deceptive and consumer-oriented acts or practices in business, commerce, or trade by refusing to submit valid health insurance claims and instead asserting liens, taking a patient's medical payments coverage or taking money directly from patients in violation of their agreements with health insurance companies.

53.     Defendants and persons under Defendants' direct or indirect control have breached the ADTPA by their actions, which include but are not limited to the following:

     a.   Failing to submit bills to and/or honor contractual discounts from health insurance carriers despite a contractual obligation to do so;

     b.   Concealing, suppressing, and/or omitting the (act that Defendants will not submit bills to or accept payments from health insurance carriers despite contractual obligations to do so;

c. Concealing, suppressing, and/or omitting the fact that Defendants will not honor agreed-to balance adjustments, or "discounts," despite obligations to offer said adjustments to insured patients;

d. Misrepresenting Defendants' health care centers as businesses that will accept and submit bills to valid health insurance carriers with whom Defendants have provider agreements;

e. Deceiving their patients to believe their bills are covered by health insurance when Defendants intend to seek payment for services from other sources, including directly from patients, via medical payment benefits from patients' auto insurer, by placing liens on patients' property, or by submitting patients' bills to collection agencies;

f. Violating the duty of good faith in performing health care services by failing to disclose their unfair billing practices to patients and prospective patients;

g. Committing an unfair practice by violating the public policy and/or common laws of this state.

54. Defendants knew or reasonably should have known of the existence of facts by reason of which Defendants should have known persons under their direct and indirect control committed violations of the ADTPA.

17

55.   Defendants' conduct as set forth herein proximately caused Plaintiff who is a consumer, actual injuries and damages.

56.   Plaintiff, individually and on behalf of the proposed class, is entitled to her actual damages, prejudgment interest, and attorney's fees and costs incurred herein in amount which exceeds that required for federal diversity jurisdiction.

### COUNT II (Tortious Interference with Contractual Relationship/Business Expectancy)

57.   Plaintiff, individually and on behalf of the proposed class, incorporates all preceding allegations of the Class Action Complaint as though fully set forth herein.

58.   Plaintiff enjoyed a valid business expectancy and/or contractual relationship with her own health insurance providers by virtue of an express or implied contract that Plaintiff had with her health insurance earner.

59.   Defendants were informed and had actual knowledge of the above-described business expectancies and contractual relationships involving Plaintiff and her respective health insurance carriers.

60.   Defendants intentionally and improperly interfered with and caused a disruption of the business expectancies and contractual relationship of Plaintiff by preventing her from receiving the benefit of her contractual business relationship with her respective health insurance carriers. Defendants did so without justification or privilege in a malicious attempt to procure

additional monies that it was not entitled to, and with reckless disregard for the damage and harm such action would have on Plaintiff.

61.    Defendants' actions resulted in Plaintiff having paid premiums but receiving no benefit, the premiums effectively wasted and the would-be coverage rendered illusory. Defendant's actions thus proximately caused Plaintiff's damages.

62.    Plaintiff, individually and on behalf of the proposed class, is entitled to compensatory damages, punitive damages, and prejudgment interest in amount that exceeds that which is required for federal diversity jurisdiction.

## COUNT III (Unjust Enrichment)

63.    Plaintiff, individually and on behalf of the proposed class, incorporates all preceding allegations of the Class Action Complaint as though fully set forth herein.

64.    As alleged above, Defendants have engaged in a pattern of subverting the financial interests and contractual agreements of Plaintiff – patient of the Defendants' hospitals – for their own pecuniary gain.

65.    Defendants' conduct was the activation of a plan or scheme to profit by misappropriating confidential information and engage in their monetary superiority in receiving funds from Plaintiff's healthcare.

66.　Defendants have been unjustly enriched in that they received and retained the benefits of proceeds to which it was not entitled to and received in violation of Alabama law.

67.　Said benefits were conferred on Defendants by Plaintiff, and unlawfully obtained to the detriment of Plaintiff.

68.　Defendants' retention of these funds is unjust because payment for the services provided should have come from Plaintiff's health insurance carriers, and the reasonable value for Defendants' services determined by the contracts between Defendants and the carriers.

69.　Allowing Defendants to retain the aforementioned benefits violates fundamental principles of justice, equity, and good conscience.

## COUNT IV (Money Paid by Mistake)

70.　Plaintiff, individually and on behalf of the proposed class, incorporates all preceding allegations of the Class Action Complaint as though fully set forth herein.

71.　Plaintiff under mistake of fact due to the lien Defendants wrongfully asserts issued monies due to them to Defendants.

72.　Defendants intentionally and improperly interfered with and caused a disruption of the expectancies and fiduciary freedoms of Plaintiff by preventing her from receiving the benefit of her monetary rights with their

20

respective imbursement of funds resulting from her claims. Defendants did so without justification or privilege in a malicious attempt to procure additional monies that it was not entitled to, and with reckless disregard for the damage and harm such action would have on Plaintiff.

73. Defendants' actions resulted in Plaintiff having paid Defendants assuming an obligation that did not exist; Plaintiff was effectively deprived of her entitled settlement by the Defendants wrongful assertions.

74. Plaintiff, individually and on behalf of the proposed class, is entitled to compensatory damages, punitive damages, and prejudgment interest.

## **COUNT V (Civil Conspiracy)**

75. Plaintiff, individually and on behalf of the proposed class, incorporates all preceding allegations of the Class Action Complaint as though fully set forth herein.

76. Plaintiff avers that Defendants have engaged in a civil conspiracy to commit and cooperate in the commitment of the tortious activity described above.

77. Defendants engaged in a plan or scheme of cooperation to improperly acquire Plaintiff's healthcare and confidential information and materials to their own use.

78. Defendants were or should be aware of the impropriety of the actions of the individuals Defendants to work from the onset of Plaintiff's medical treatment

to access and convert the information to be used in later asserting the medical lien against Plaintiff.

79. Defendants' actions are a cause of combinations of all Defendants in a plan, scheme and conspiracy to harm the Plaintiff's financial position of recovery for their own gain.

80. As a proximate consequence thereof, Plaintiff, individually and on behalf of the proposed class, was caused to suffer financial harm and is entitled to compensatory damages, punitive damages, and prejudgment interest.

### **COUNT VI (Breach of Contract - Third Party Beneficiary)**

81. Plaintiff, individually and on behalf of the proposed class, incorporate all preceding allegations of the Class Action Complaint as though fully set forth herein.

82. Plaintiff alleges that Defendants and BCBSA entered into an express contract.

83. Plaintiff alleges that she was the intended beneficiary of that contract because she would be the actual customer receiving health care.

84. All Defendants knew that Plaintiff would benefit from their contracts and that Plaintiff could be harmed by any breach of the contracts by any Defendant.

85. Plaintiff further alleges the Defendants breached the various contracts and, therefore, Plaintiff is entitled to damages as third-party beneficiaries because Plaintiff suffered damages as a result of the breach.

86.   As a direct and proximate result of the actions of Defendants, which combined and concurred to form the basis of this suit, Plaintiff, individually and on behalf of the proposed class, has suffered damages.

## COUNT VII (Injunctive Relief)

87.   Plaintiff, individually and on behalf of the proposed class, incorporates all preceding allegations of the Class Action Complaint as though fully set forth herein.

88.   Upon information and belief, Defendants were required by their contracts with BCBSA, to submit Plaintiff's medical bills to her health insurers for payment.

89.   Upon information and belief, Defendants are required by their contracts with various other health insurance carriers to submit the Plaintiff's medical bills directly to those carriers for payment.

90.   Upon information and belief, Defendants are also required to honor a contractual discount with their patients' health insurance carriers and accept discounted payments from those health insurance carriers in satisfaction of the patients' bills.

91.   Upon information and belief, Defendants failed to honor contractually agreed-upon discounts regarding Plaintiff's medical bills at issue in this case.

92.     Upon information and belief, Defendants failed to honor their contractual commitment to submit the medical bills of insured patients to his/her insurance company.

93.     Upon information and belief, Defendants are precluded by their contracts with private health insurance carriers (such as the named Plaintiff's insurer, BCBSA) from seeking payment for covered services from other sources, including from the patient directly, medical payment benefits from the patients' auto insurer, turning the bills over to collections, and/or filing liens against patients' property, including personal injury claims.

94.     Through Defendants' bill collection practices, they attempt to optimize the amount received for services rendered by seeking from patients the full amount billed (or more than they are entitled to for the covered treatment), rather than accepting the discounted amount they have agreed to accept from the patient's health insurance carrier.

95.     By employing such a policy and business model, Defendants are violating the terms of their health insurance provider agreements (including the agreement with BCBSA) and have unlawfully violated the rights of Plaintiff.

96.     A real and subsisting controversy exists between the parties hereto concerning the validity of Defendants' policies and procedures.

97.   Plaintiff requests this Court declare that Defendants, through their actions, policies, procedures and misconduct as alleged herein, have violated the terms of their agreements with the various health insurance providers and said policies and procedures should be declared invalid and void as a matter of law and enter a permanent injunction enjoining Defendants from engaging in the unlawful billing practices as detailed herein and for such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

98.   Plaintiff, individually and on behalf of the proposed class, demand a jury trial. PRAYER FOR RELIEF WHEREFORE, Plaintiff, individually and on behalf of the proposed class, respectfully prays for judgment against the Defendants as follows:

   a.   For an Order certifying that this action may be maintained as a class action and appointing Plaintiff and their counsel to represent the class;

   b.   For a declaration that Defendants' actions violated Plaintiff's rights under Alabama law as pleaded in Counts I thru VII;

   c.   For all actual damages, statutory damages, punitive damages, penalties, and remedies available for the Defendants' violations of Plaintiff's rights under Alabama law in an amount which exceeds that required for federal diversity jurisdiction;

d.  For a declaration that Defendants, through their actions and misconduct as alleged above, have been unjustly enriched and an order that Defendants disgorge any unlawfully gained proceeds;

e.  For pre-judgment interest as provided by law;

f.  For post-judgment interest as provided by law;

g.  For declaratory relief and a permanent injunction against Defendants from engaging in the unlawful billing practices as detailed in the paragraphs above;

h.  For an award to Plaintiff of her reasonable attorneys' fees;

i.  For an award to Plaintiff of her costs and expenses of this action;

j.  For such other and further relief as the Court may deem necessary and proper under Alabama law.

Respectfully submitted this 29th of June, 2017.


/s/ C. Lance Gould
C. Lance Gould (ASB-0913-G66C)

**OF COUNSEL:**

W. Daniel "Dee" Miles, III (ASB-7656-M75W)
Leslie L. Pescia (ASB-0224-U14E)
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
272 Commerce Street
Post Office Box 4160 (36103)
Montgomery, Alabama 36104
Telephone:  334-269-2343
Facsimile:   334-954-7555
lance.gould@beasleyallen.com
dee.miles@beasleyallen.com
leslie.pescia@beasleyallen.com

J. Allen Schreiber (ASB-2540-R76J)
Lauren E. Miles (ASB-3564-T63E)
BURKE HARVEY, LLC
3535 Grandview Parkway, Suite 100
Birmingham, Alabama 35243
Phone: 205-930-9091
Fax: 205-930-9054
aschreiber@burkeharvey.com
lmiles@burkeharvey.com
*Attorneys for Plaintiff*

**<u>PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AT:</u>**

Crestwood Medical Center
C/O Legal Department
One Hospital Drive
Huntsville, AL 35801

CHSPSC, LLC
C/O Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, Alabama  36104

Crestwood Healthcare, L.P.
C/O Prentice Hall Corporation System, Inc.
641 South Lawrence Street
Montgomery, Alabama  36104

Professional Account Services, Inc.,
C/O Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, Alabama  36104